IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RANDY ALLEN MOORE,

          Plaintiff,

    v.

KATE BROWN, et al.,

          Defendants.

Case No. 6:21-cv-01259-YY

ORDER

YOU, Magistrate Judge.

Plaintiff, an adult in custody at the Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983.   Pursuant to an Order entered this date, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*.   However, for the reasons set forth below, Plaintiff shall file an Amended Complaint or his complaint may be dismissed.

## BACKGROUND

Plaintiff names 45 separate defendants, who fall into the following categories:   Oregon Department of Corrections ("ODOC") correctional officials, Deschutes County prosecutors, Deschutes County Sheriff's Office employees, private attorneys, employees of the State of Oregon Child Protective Services division, City of Redmond police officers, and the Oregon State Bar. Plaintiff alleges eight claims for relief, none of which identify the individual defendants involved and all of which contain conclusory statements.

1  - ORDER

In Claim I, Plaintiff alleges violation of his Eighth and Fourteenth Amendment rights, international human rights law, privacy rights, and PREA violations as to the Oregon Department of Corrections defendants.    The claim consists of a litany of statements such as:    "Accessories and Accomplices to sexual assault of AIC," "PREA resources unavailable - denied - out of date," "Little to no access to legal resources," and "Unprofessional Conduct."

In Claim II, Plaintiff alleges as to the Redmond Police Department statements such as: "Reports falsified to the courts," "Theft report dropped and covered up by DA's office," "Talked to me without counsel present at jail," and "accessory & accomplice to rape of an AIC."

In Claim III, Plaintiff alleges as the Oregon Department of Human Services, CPS: "Falsified reports and court documents - sent court documents to family," "Questioned me without counsel present," and "Threatened me while incarcerated - conspiracy to commit murder."

In Claim IV, as the Deschutes County Sheriff's office, Plaintiff states:    "Breach of safety and security of AIC's," "Inadequate medical and food conditions," "Destruction of personal property," "Allowing interrogations to occur without counsel present," and "Accessory to Assault/Bodily Harm."

In Claim V, as to the Deschutes County Circuit Court and District Attorney's office, Plaintiff makes statements such as:    "Judicial interference of small claims case," "Disclose of polygraph results in open court," and "Allowed false reports & court documents forged & filed by police & attorneys."

In Claims VI and VII, Plaintiff makes statements about attorneys who apparently represented him in a criminal proceeding, and in Claim VIII, he alleges the Oregon State Bar "refuses to take action against attorneys who break the law" and "allows attorneys to be derelict in duties."

2  - ORDER

By way of remedy, Plaintiff seeks money damages, official apologies, the prevention of retaliation against him, and an injunction to "keep other AIC's going through the trauma I've already been put through."

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief.    *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt.    *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).    Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court should supply the plaintiff with a statement of the complaint's deficiencies.    *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987).    A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment.    *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.    Procedural Deficiencies

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."    "Each allegation must be simple, concise and direct."    Fed. R. Civ. P. 8(d)(1).    If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper.    *Sparling v. Hoffman*

3  - ORDER

*Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored).    Plaintiff's Complaint, described above, does not satisfy the pleading requirements of Rule 8.

Moreover, a basic lawsuit is a single claim against a single defendant.    Federal Rule of Civil Procedure 18(a) allows a plaintiff to include multiple claims in a lawsuit when the claims are against the same defendant.    Fed. R. Civ. P. 18(a).    Rule 20(a)(2) allows a plaintiff to join multiple defendants in a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action."    Fed. R. Civ. P. 20(a)(2).    In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."    *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that unrelated claims against different defendants should be brought in different lawsuits, in part to prevent prisoners from circumventing filing-fee requirements and three-strikes rule under Prison Litigation Reform Act); *Medina Chiprez v. Becerra*, Case No. 20-cv-00307-YGR (PR), 2020 WL 4284825, at *1 (N.D. Cal. July 27, 2020) ("while multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate complaints"); *Gonzalez v. Maldonado*, No. 1:11-cv-01774-SAB (PC), 2013 WL 4816038, at *2 (E.D. Cal. Sept. 9, 2013) (same).    If the test for permissive joinder is not satisfied, the court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party."    Fed. R. Civ. P. 21; *see also Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (holding that if joined plaintiffs fail to meet requirements of Rule 20(a), "the district

4  - ORDER

court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance"); *Medina Chiprez*, 2020 WL 4284825, at *1 ("[t]he court, on its own initiative, may dismiss misjoined parties from an action, and any claim against a misjoined party may be severed and proceeded with separately").

Plaintiff's myriad claims against 45 multiple defendants do not satisfy the requirements of Rule 20(a) for permissive joinder.   Many of the claims and defendants have no apparent relation to one another.   Plaintiff is warned that if he files an Amended Complaint to include all of these defendants whose claims are entirely unrelated to each other, the claims may be severed into separate actions, each of which will be subject to the filing fee requirements of 28 U.S.C. § 1915(a).[1]

## II.    Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.   *See West v. Atkins*, 487 U.S. 42, 48 (1988).   A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights.   *See Monell v. Dep=t of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

---

[1]Requiring Plaintiff to pay additional filing fees is a result of having misjoined claims and "is not a result of prejudice from the application of the permissive joinder rules." *Funtanilla v. Tristan*, Case No. 1:02-CV-06001-OWW-GSA (PC), 2010 WL 1267133, at *6 (E.D. Cal. Mar. 30, 2010).

"Liability under section 1983 arises only upon a showing of personal participation by the defendant" in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Arnold v. Int'l. Business Machines, Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim for relief under Section 1983 against a supervisor defendant, a plaintiff must allege some facts that would support a claim that (1) the supervisor defendant proximately caused the deprivation of rights of which the plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the supervisor defendant failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from custom or policy for which the supervisor defendant was responsible, *see id.*; or (4) the supervisor defendant knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045.

As noted, Plaintiff does not allege personal involvement by the named defendants in the many alleged violations of plaintiff's rights. Accordingly, Plaintiff does not allege claims against Defendants upon which relief may be granted under § 1983.

Moreover, several of Plaintiff's claims appear to challenge the legality of his current confinement. To the extent a judgment in favor of the Plaintiff on these claims would necessarily imply the invalidity of his conviction or sentence, they are barred absent a showing that the legality of the conviction or sentence has previously been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994).

6  - ORDER

To the extent Plaintiff attempts to state claims against members of the Deschutes County District Attorney's office, those individual defendants are entitled to prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (holding prosecutors absolutely immune from civil suits for damages under § 1983 for initiating criminal prosecutions and presenting cases); *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (finding claim against prosecutors with clear immunity legally frivolous within the meaning of section 1915) (citation omitted).

Plaintiff's claims against the private attorneys who represented him in criminal proceedings likewise fail. *See Polk County v. Dodson*, 454 U.S. 312, 318 n.9 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983" regardless of "whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program"). Similarly, the "Oregon State Bar" is considered a private and not a government actor. *Johnson v. Peters*, Case No. 2:17-cv-01872-JR, 2018 WL 11149809, at *2 n.1 (D. Or. Jan. 31, 2018). Accordingly, Plaintiff may not state a claim against the Defendant private attorneys or the Oregon State Bar.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that, within 30 days of the date of this order, Plaintiff must file an Amended Complaint curing the deficiencies noted above or his case may be dismissed.

Because Plaintiff has not established exceptional circumstances at this juncture, IT IS FURTHER ORDERED that Plaintiff's two Motions for Appointment of Counsel (ECF Nos. 3 and 7) are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Certify the Class (ECF No. 8) is HELD IN ABEYANCE pending Plaintiff's compliance with this Order.[2]

DATED this 6th day of December, 2021.


____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge

---

[2]The Court notes that Plaintiff is unlikely to succeed on this motion. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit imprisoned litigant, unassisted by counsel, to represent fellow inmates in a class action); *Avery v. Powell*, 695 F.Supp. 632, 643 (D.N.H. 1988) (pro se plaintiff may lack knowledge and experience necessary to protect interests of class); *Hickson v. Burkhart*, 110 F.R.D. 177, 178 n.1 (S.D.W.Va. 1986) (citing *Oxendine*); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (although non-attorney may appear pro se on behalf of himself, he has no authority to appear as an attorney for others).